UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EBONY ADDERLEY AND BRIAN GRISHAM,

                                                                   PLAINTIFFS,

-AGAINST-

THE CITY OF NEW YORK, Joseph Carrasco, in his individual capacity; Catherin Melendez, in her individual capacity; Courtney Allen, in his individual capacity; Flavio Rodriguez, in his individual capacity; and Francis Zito, in his individual capacity,

                                                                   DEFENDANTS.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, POLICE OFFICER JOSEPH CARRASCO, POLICE OFFICER CATHERIN MELENDEZ, POLICE OFFICER CORTNEY ALLEN, POLICE OFFICER ZITO AND SERGEANT FLAVIO RODRIGUEZ**

CV 11-6782 (DLC)

JURY TRIAL DEMANDED

Defendants City of New York, Police Officer Joseph Carrasco, Police Officer Catherin Melendez, Police Officer Cortney Allen, Police Officer Francis Zito and Sergeant Flavio Rodriguez by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows: [1]

      1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

---

[1] The named defendant officers are the same as those named in the related cases arising from the same alleged incident.

4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the venue of the Court as stated therein.

5. The allegations set forth in paragraph "5" of the Complaint are not averments of fact and thus, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.  Admit the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and that it maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Joseph Carrasco, Catherin Melendez, Cortney Allen, Flavio Rodriguez and Francis Zito were employed by the City of New York as police officers on January 16, 2010, and the allegation that defendants were "acting within their capacity as agents, servants and employees of the City" is a conclusion of law not an averment of fact and thus, requires no response.

10. The allegation set forth in paragraph "10" of the Complaint is not an averment of fact and thus, requires no response.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Joseph Carrasco, Catherin Melendez, Cortney Allen, Flavio Rodriguez and Francis Zito were employed by the City of New York as police officers on January 16, 2010, that the allegation that the defendants were "acting under color of state law in the course and scope of

their duties as officers, employees and agents of the City" is not averments of fact and thus, requires no response.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that on January 16, 2010 at around 11:00 p.m. plaintiffs were in the vicinity of 230 West 11th street in Manhattan, New York and deny knowledge or information as to the truth of the allegations contained in the rest of the paragraph.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph"13" of the Complaint, except admit at some point officers exited a vehicle.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that at some point Ms. Adderley was arrested and placed in a police van and deny knowledge information sufficient to form a belief concerning whether she was pepper sprayed.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that at some point Brian Grisham was pepper sprayed.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that Mr. Grisham was placed in a police vehicle.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the plaintiffs were transported to the 28th Precinct and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding their arraignment and release.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except deny knowledge or information concerning whether both plaintiffs were pepper sprayed.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege their responses set forth in the preceding paragraph inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege their responses set forth in the preceding paragraph inclusive of this answer, as if fully set forth herein.

29. Deny the allegation set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

32. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

33. Any and all injuries alleged in the complaint were caused, in whole or in part, by Plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

34. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35. Punitive damages are not recoverable against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36. Defendants have not violated any rights, privileges or immunities secured to the Plaintiffs under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37. At all times relevant to the acts alleged in the Complaint, Defendant City and its officials acted reasonably in the proper and lawful exercise of their discretion. Consequently, defendant City is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38. Plaintiffs provoked the incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

39. This action may be barred in part, for plaintiffs' failure to comply with the conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

40. To the extent, any force was used on plaintiffs, it was reasonable and justified.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

41. There was probable cause for plaintiffs detention and arrest.

**WHEREFORE,** Defendants City of New York and Joseph Carrasco, Catherin Melendez, Cortney Allen, Francis Zito and Flavio Rodriguez request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 4, 2012

            MICHAEL A. CARDOZO
            Corporation Counsel of the
            City of New York
            *Attorney for Defendants City of New York,*
            *Officer Carrasco, Officer Melendez, Officer*
            *Allen, Officer Zito and Sergeant Rodriguez*

            100 Church Street
            New York, New York 10007

               /s/

           By:_____
             Elizabeth J. Becker
             Assistant Corporation Counsel
             Special Federal Litigation Division

To:  Darius Wadia, Esq. (By ECF)
    *Attorney for Plaintiff*